SHPAK ET AL. *v.* MYTYCH ET AL.

[No. 277, September Term, 1962.]

*Decided May 10, 1963.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Ridgely P. Melvin, Jr.,* and *William J. Boehm,* with whom were *William J. McWilliams* and *McWilliams & Melvin* on the brief, for the appellants.

*Malcolm B. Smith,* with whom were *Michael Demyan* and *Smith & Wohlgemuth* on the brief, for the appellees.

MARBURY, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court for Anne Arundel County enjoining the appellants from using their property lying along Ridge Road in the 5th Election District of that county for the operation of a junk or salvage yard. The decree was based on a finding by the court that no non-conforming use existed on December 2, 1947, the effective date of the first zoning ordinance in the county.

The questions presented on this appeal are: (1) did the lower court have jurisdiction to determine the existence of a legal non-conforming use, and (2) if it did have jurisdiction, did the court err in its decision.

The facts basically are not in dispute. In March 1947, Grover Foley purchased a twenty-two acre tract of land on Ridge Road (hereafter referred to as parcel No. 1). In April of that year, he occupied this parcel, bringing with him several old cars, which were placed on the land with other old vehicles already

there, apparently stored by others prior to his purchase. During that year, he acquired other old cars. He used parts from them in repairing automobiles on the property. He also sold or traded some of these vehicles. They were scattered over the entire parcel. He used an old building on the property for a garage and living quarters.

In March 1948 he bought an adjoining one-half acre lot (hereafter referred to as parcel No. 2). Some time between 1950 and 1952, Foley constructed a brick and masonry garage on parcel No. 2 and moved his business operation to that lot. Prior to this, in 1949, he had gotten a certificate of occupancy for his commercial use of parcel No. 1 from the county. This certificate was issued to allow Foley the use of the land for occupancy as an automobile repair garage.

The original zoning ordinance for Anne Arundel County, adopted on December 2, 1947,[1] classified this area as agricultural. A subsequent ordinance adopted in July 1952 maintained the same classification.

Foley continued his business operations until July 1959, still using parcel No. 1 for the storage of old cars. In July he transferred both parcels to the appellants. The sale was conditioned upon the appellants getting the necessary permits authorizing the use of the property for a junk or salvage yard. A certificate of occupancy was issued authorizing the use of the property for an auto salvage yard on July 2, 1959. This was an official recognition of a non-conforming use.

In the meantime, several adjacent property owners, including the appellees herein, objected to the use of the property as an auto salvage yard. They were informed by the zoning inspector that their remedy was by way of appeal to the Board of Appeals. Through their attorney they obtained the necessary forms on which to file such an appeal and notified the zoning inspector of their intention to do so, but did not file

---

1. The zoning ordinance adopted contained an unusual definition of junk or salvage yard—"Any land or area used, *in whole or in part,* for storage of paper, rags, scrap metal or other junk or for the storage of automobiles not in running condition or for the dismantling of automobiles or other vehicles or machinery." (emphasis supplied)

the appeal. This was in October 1959. In April 1961 the appellees filed a bill of complaint seeking to enjoin the alleged violation of the zoning ordinance created by the location of the auto salvage yard in the agriculturally zoned area and to abate the alleged nuisance resulting therefrom. The appellants demurred to the bill of complaint on the basis that the Board of Zoning Appeals had not been made a party and that the appellees had not exhausted their administrative remedies. The court below over-ruled the demurrer and appellants filed an answer. The question concerning a nuisance is not before us, the trial court having found there was no evidence to support this claim, and there was no cross-appeal.

The zoning ordinance of Anne Arundel County in effect in 1959 provided that if a non-conforming use was desired in an agriculturally zoned area, a certificate of occupancy must be obtained from the duly authorized official responsible for the issuance of such certificate. Pursuant to Code (1957), Article 66B, § 22, a board of appeals had been established in Anne Arundel County to hear complaints with reference to zoning. Section 22 (g) of that article provides that the board had the power: "(1) To hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of this subtitle or of any ordinance adopted pursuant thereto." Section 22 (d) provides that appeals to the board of appeals may be taken by aggrieved persons affected "by any decisions of the administrative officer. Such appeal shall be taken within a reasonable time, as provided by the rules of the board, by filing with the officer from whom the appeal is taken and with the board of appeals a notice of appeal specifying the grounds thereof * * *."

In many cases this Court has held that when an administrative remedy is provided by statute, as it is in this case, with certain exceptions, relief provided under these statutory provisions must be exhausted before a litigant may resort to the courts. *Kahl v. Cons. Gas, El. Lt. & Pwr. Co.,* 191 Md. 249, 258, 60 A. 2d 754. See also *Bogley v. Barber,* 194 Md. 632, 640, 72 A. 2d 17. *Anne Arundel County v. Snyder,* 186 Md. 342, 348, 46 A. 2d 689. In addition, see *Laque v. State,* 207

Md. 242, 253, 113 A. 2d 893, and *dictum* in *Walker v. Talbot County,* 208 Md. 72, 87, 116 A. 2d 393.

A recent reaffirmation of *Kahl* will be found in *Richmark Realty v. Whittlif,* 226 Md. 273 at 280, 173 A. 2d 196. That case was held to fall under an exception which permitted a suit in equity when the validity of an ordinance, waiving the prohibition of the construction of a service station within 300 feet of a public park, was attacked. For a case involving exhaustion of administrative remedies in a non-zoning situation, see *Tanner v. McKeldin,* 202 Md. 569, 577, 97 A. 2d 449. For the view that a collateral attack on the validity of zoning ordinance is not permissible where a direct proceeding is available, see *Cong. School v. Roads Commission,* 218 Md. 236, 248, 146 A. 2d 558.

These exceptions only apply where the act of the administrative agency is alleged to be unconstitutional, ultra vires or illegal and may injuriously affect the rights and property of the claimant, *e.g.* see *Pressman v. Barnes,* 209 Md. 544, 121 A. 2d 816. None of these elements is present here. This is the usual type of complaint by adjoining property owners to the action of zoning officials to which they object. The appellees had a statutory remedy which they might seek. It is necessary under our decisions that they pursue it. Nothing in the facts of this case indicate the need for the extraordinary action in bypassing the Board of Appeals. We point out that the then attorney for the appellees (not counsel who argued this case on appeal), on October 22, 1959, nearly eighteen months before the filing of the bill of complaint, did apply for a hearing before the Board but failed to follow through on this course of action.

The appellees cite *Phillips v. Zoning Commissioner,* 225 Md. 102, 169 A. 2d 410, as authority for the bringing of an original bill of complaint rather than pursuing their administrative remedy. In that case, however, it was not an aggrieved adjoining property holder asking for injunctive relief, but rather the zoning commissioner of Howard County exercising express statutory authority in seeking injunctive relief to prevent the use of certain land for a junk yard in violation of the zoning ordinance. See also *Berwyn Heights v. Rogers,* 228 Md. 271, 179 A. 2d 712, for another case involving express statutory au-

thority for injunctive relief in addition to administrative remedies.

Appellees state that the question of exhaustion of administrative remedy is not properly before this Court on appeal, citing Rule 885, in that they claim appellants have waived this point by failing to raise the question by proper preliminary motion, or in their answer to the bill of complaint. However, an appeal from the final decree brings up for review the correctness of the ruling on demurrer. Maryland Rule 809, *Newark Trust Co. v. Talbot Bank,* 217 Md. 141, 146, 141 A. 2d 516. See also Rule 373 c.

Since we hold that appellants' demurrer should have been sustained without leave to amend and the bill of complaint dismissed because appellees had not exhausted their administrative remedies, we do not reach appellants' second contention.

*Decree reversed and bill of complaint dismissed. Costs to be paid by appellees.*