RALPH L. KLEIN ET AL. *v.* COLONIAL
PIPELINE COMPANY

[No. 52, September Term, 1978.]

*Decided April 26, 1979.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, ORTH and COLE, JJ.

*Cypert O. Whitfill,* with whom was *Michael E. Leaf* on the brief, for appellants.

*Charles H. Reed,* with whom were *Benjamin C. Howard* and *John E. Mudd* on the brief, for appellee.

COLE, J., delivered the opinion of the Court.

We must decide whether, under the applicable statutes, a decision of the Hearing Examiner for the Harford County Zoning Board of Appeals (Board of Appeals) is directly appealable to the circuit court.

## I.

Colonial Pipeline Company (Colonial), the appellee, transports refined petroleum products through a pipeline system extending from Texas to New Jersey. The system requires tank farms as temporary reservoirs to facilitate delivery to its customers through branch or spur lines to terminals along the route.

Before this case the Board of Appeals granted Colonial a conditional use permit for a tank farm consisting of five above-ground petroleum storage tanks to be constructed subject to certain conditions. In the present case, Colonial applied to the Board of Appeals for another conditional use permit on March 3, 1976 to allow the installation of two additional above-ground petroleum storage tanks at the tank farm due to projected increases in demand for its products in the Baltimore area. Public hearings were held on the

application before the Zoning Hearing Examiner for the Board of Appeals. Ralph L. Klein, Shirley S. Klein, James C. Thompson, Ida F. Thompson, William G. Thompson, and Leona G. Thompson, appellants herein, participated in the proceedings before the Zoning Hearing Examiner and opposed the granting of the conditional use permit for the two additional tanks. All the appellants owned property or resided in close proximity to the tank farm. We shall hereafter collectively refer to the appellants as Klein.

In a decision filed on April 4, 1977, the Zoning Hearing Examiner denied the permit on the ground that Colonial had failed to ensure the availability of fire-fighting equipment adequate to control a petroleum fire at the tank farm and that Colonial had not complied with two conditions in the Board of Appeals' prior decision, requiring that Colonial screen its tank farm as far as possible from the view of surrounding properties.

Instead of seeking review of the Hearing Examiner's denial of the conditional use permit before the Board of Appeals, Colonial entered an appeal from the Hearing Examiner's decision directly to the Circuit Court for Harford County on May 20, 1977.

## II.

A brief review of zoning legislation pertinent to the issues involved herein is necessary for a full understanding of the present posture of this case. Harford County, Maryland is presently a "charter" county which possesses powers set forth in Article XI-A, § 2 of the Maryland Constitution and the Express Powers Act, Maryland Code (1957, 1973 Repl. Vol., 1978 Supp.) Article 25A. Section 5 (U) and 5 (X) of Article 25A specifically deal with zoning powers of charter counties. Section 5 (U) in pertinent part authorizes a charter county to

> enact local laws providing ... for the establishment of a county board of appeals ... appointed by the county council ... and [requiring a] decision by the board on petition by an interested person and after notice and opportunity for hearing and on the basis

of the record before the board, of . . . matters arising (either originally or on review of the action of an administrative officer or agency) under any law, ordinance, or regulation . . . [such as]: An application for a zoning variation or exception . . . denial, . . . or modification of any . . ., permit, . . .: Provided, that upon any decision by a county board of appeals it shall file an opinion which shall include a statement of the facts found and the grounds for its decision. Any person aggrieved by the decision of the board and a party to the proceeding before it may appeal to the circuit court for the county which shall have power to affirm the decision of the board, or if such decision is not in accordance with law, to modify or reverse such decision, with or without remanding the case for rehearing as justice may require. Any party to the proceeding in the circuit court aggrieved by the decision of the said court may appeal from such decision to the Court of Special Appeals. The review proceedings provided by this subsection shall be exclusive.

Subsection 5 (X) provides that a charter county may

enact local laws, for the protection and promotion of public safety, health, morals, and welfare, relating to zoning and planning including the power to provide for the right of appeal of any matter arising under such planning and zoning laws to the circuit court *except as is provided in § 5 (U) of this article.* Any decision of the circuit court may be appealed to the Court of Special Appeals. [emphasis supplied].

The Harford County Zoning Ordinance, Ordinance No. 6, was originally adopted in 1957, before charter rule, pursuant to authority granted by Code (1957, 1970 Repl. Vol.) Article 66B. Sections 20.1 and 20.2 of Ordinance No. 6 created the Board of Appeals of Harford County. The 1972 adoption of a charter for Harford County, however, made the Express Powers Act, Article 25A, the basis of Harford County's power

to zone. *See* Code (1957, 1970 Repl. Vol.), Art. 66B, § 7.03 (making Article 66B inapplicable to chartered counties).

Section 902 of the new county charter provided for the continuance of Ordinance No. 6 unless repealed or amended. It also provided for finality of decisions in zoning cases, authorized the employment of hearing examiners, and gave a right of appeal to the circuit court to any person aggrieved by any final decision in a zoning case.

After the adoption of the charter, the county council enacted Bill 73-5, effective May 17, 1973, which amended Ordinance No. 6 and established the County Council of Harford County as the Board of Appeals of Harford County. It also authorized the use of hearing examiners for cases filed with the Board. In 1973, Ordinance No. 6 was again amended, this time by Bill 73-57, effective December 27, 1973, repealing and reenacting Section 20.2 of Ordinance No. 6, and providing that the Board of Appeals might employ hearing examiners and that if it did, the county council may provide that the hearing examiner make a final decision appealable to the circuit court or the Board of Appeals. In 1975, the county council enacted Bill No. 75-94, effective December 29, 1975, repealing and reenacting Section 20.2 of Ordinance No. 6, and giving hearing examiners employed by the Board of Appeals the power to render decisions which would become final forty-five days after the date of the decision unless a request for final argument before the Board had previously been filed by the applicant or by a party aggrieved by the hearing examiner's decision.

Relying on these provisions providing for finality of decisions of hearing examiners, Colonial appealed from the adverse decision of the Hearing Examiner directly to the Circuit Court for Harford County. Klein challenged the subject matter jurisdiction of the circuit court under these circumstances and argued that Colonial had failed to exhaust its administrative remedies. Upon deciding that it had jurisdiction to hear the case, the circuit court reversed the decision of the Hearing Examiner because it disagreed with the Examiner's finding that Colonial had not shown that it had the best possible fire protection available for use at its

tank farm. Accordingly, the circuit court ordered that the conditional use be granted after a remand to the Hearing Examiner for the imposition of reasonable conditions.

An appeal was taken to the Court of Special Appeals, but while the case was pending before that court we granted certiorari. We are now asked to consider three questions: (1) whether the circuit court erred in holding that it had jurisdiction to directly review a decision of the Hearing Examiner of the Board of Appeals of Harford County; (2) whether the lower court erred in reversing the decision of the Hearing Examiner; and (3) whether the county's denial of the special exception is a prohibited infringement on interstate commerce. Because of our disposition of the first question it will be unnecessary to consider the others.

### III.

Klein argues that the lower court erred in holding that it had jurisdiction to hear this appeal. Klein's position is that the circuit court's construction of the Harford County Zoning Ordinance as allowing a direct appeal from a hearing examiner to the circuit court is in conflict with Article 25A, § 5 (U), and that this general law prevails over the local law. Colonial, on the other hand, takes the position that § 5 (U) is not applicable to the Harford County Board of Appeals and therefore Harford County is not barred from creating a right of appeal to the circuit court from a decision of the Hearing Examiner.

When Harford County became a chartered county in 1972, it became authorized under the provisions of the Express Powers Act, Article 25A, to enact zoning legislation. Section 5 (X) authorized the county to "enact local laws, for the protection and promotion of public safety, health, morals and welfare, relating to zoning and planning including the power to provide for the right of appeal of any matter *arising under such planning and zoning laws* to the circuit court except as is provided in § 5 (U) of this article." [emphasis supplied]. It is at once apparent that this provision bestows upon the county a general power to legislate locally in the field of

zoning and specifically excludes those areas referred to in § 5 (U).

Section 5 (U) of Article 25A provided the county council with the power to establish a Board of Appeals that would resolve issues such as "the application for a zoning variation or exception" arising "under any law, ordinance or regulation of . . . the county council," e.g., the application for a permit to construct new tanks made by Colonial. This section further requires that "the review proceedings provided by this subsection shall be exclusive" and grants the right of appeal to persons aggrieved by the "decision of the Board of Appeals."

Colonial argues that prior to becoming a charter county, Harford County already had a board of appeals and continued this old board by its amendment to Ordinance No. 6. Our reading of the legislation belies this conclusion. While § 902 of the County charter provided for the continuance of Ordinance No. 6, the first elected county council enacted Bill 73-5 which established a new Board of Appeals pursuant to § 5 (U). We perceive this intent from the preamble to Bill 73-5 which stated its purpose to repeal §§ 20.1 and 20.2 of Ordinance No. 6 and "to enact new sections 20.1 and 20.2 in lieu thereof, to stand in the place of the sections repealed providing for the establishment of the County Council of Harford County as the *new* Board of Appeals with powers to employ Hearing Examiners; and continuing the *present* Board's powers to decide those cases they have heard" [emphasis supplied]. As we see it, this language makes it indelibly clear that the county council intended to and did create a new Board as opposed to continuing an old one. Furthermore, the fact that the same legislation constituted the county council as the Board of Appeals (such action approved by this Court in *Turf Valley v. Zoning Board,* 262 Md. 632, 278 A. 2d 574 (1971)) is supportive of Klein's contention that the council acted pursuant to § 5 (U). Otherwise, the county executive would be stripped of his power to appoint.[1]

---

1. Section 313 of the Harford County Charter reposes the power to appoint the members of all boards and commissions in the County Executive; § 5 (U) provides that the Board of Appeals shall be appointed by the county council.

Colonial, nevertheless, still contends that Bill 75-94 was not invalid in authorizing a right of appeal to the circuit court from a decision of a hearing examiner. We do not agree. The language of § 5 (U) expressly provides that a decision by the Board is a prerequisite to an appeal to the circuit court, and there is no authority in § 5 (U) for the creation of a new right of appeal directly from a decision of a hearing examiner to the circuit court. We conclude, therefore, that the county council's action in passing those portions of Bill 75-94 purporting to create such right of appeal was ultra vires and in conflict with public general law. It is settled that any conflict between a public general law such as § 5 (U) and a local law passed by a charter county must be resolved in favor of the state statute. *Wilson v. Bd. of Sup. of Elections,* 273 Md. 296, 301, 328 A. 2d 305 (1974); *Prince Geo's Co. v. Bd. of Trustees,* 271 Md. 21, 28, 313 A. 2d 678 (1974); *County Council v. Investors Funding,* 270 Md. 403, 419-24, 312 A. 2d 225 (1973).

We hold therefore, that since Colonial did not appeal from a decision by the Board of Appeals, the procedure prescribed by § 5 (U), the circuit court was without jurisdiction to entertain its appeal.

> *Judgment of the Circuit Court for Harford County vacated; case remanded to that court with directions that it dismiss the appeal from the order of the Hearing Examiner; appellee to pay the costs.*