27 A.3d 143

**RENAISSANCE CENTRO COLUMBIA, LLC**

v.

**Joel BROIDA.**

**No. 104, Sept. Term, 2008.**

Court of Appeals of Maryland.

Aug. 19, 2011.

S. Scott Morrison (Nicole Lynn Kobrine of Katten, Muchin, Rosenman LLP, Washington, D.C.; Richard B. Talkin of Law Offices of Richard B. Talkin, P.A., Ellicott City, MD), on brief, for petitioner.

E. Alexander Adams (Adams & Adams, Ellicott City, MD), on brief for respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS and JOHN C. ELDRIDGE (Retired, Specially Assigned), JJ.

JOHN C. ELDRIDGE (Retired, Specially Assigned), J.

In this declaratory judgment action, the plaintiff-petitioner Renaissance Centro Columbia, LLC, raises administrative procedure issues relating to the standing of the respondent Joel Broida to challenge, before the Howard County Board of Appeals, a decision by the Howard County Planning Board approving a site development plan. We shall not be able to reach the issues presented by Renaissance, however, because we agree with the respondent that there was no final administrative decision. Therefore, Renaissance failed to exhaust its administrative remedy. Moreover, even if there had been a final administrative decision, a declaratory judgment action does not lie to review a decision of the Howard County Board of Appeals.

## I.

Renaissance owns a 1.46 acre parcel of land at the intersection of Little Patuxent Parkway and Wincopin Circle in Columbia, in Howard County, Maryland. In 2005, Renaissance submitted to the Howard County Planning Board a site development plan, proposing to construct on the 1.46 acre parcel a 22–story mixed use, retail and condominium building containing 160 residential units, 10,697 square feet of retail space, and a four-level parking garage. The respondent Broida, and three other persons (Jo Ann Stolley, Lloyd Knowles, and Stephen Meskin), filed with the Planning Board a motion to deny approval of the site development plan. Broida lives in a condominium directly across the street from Renaissance's 1.46 acre parcel of land, and his windows face the parcel. After holding two public meetings, the Planning Board approved the site development plan with some minor changes.

Broida and the other three opponents appealed the Planning Board's decision, and, pursuant to the Howard County Code, the appeal was heard by a Howard County hearing examiner. Renaissance filed a motion to dismiss the appeal on the ground that the four opponents lacked standing under the Howard County Code. Section 16.900(j)(2)(iii) of the How-

ard County Code (1995 edition, 2008 republication) provides in relevant part as follows: "Any person specially aggrieved by any decision of the Planning Board and a party to the proceedings before it may, within 30 days thereof, appeal said decision...." After holding an evidentiary hearing on the motion to dismiss, the hearing examiner dismissed the appeal, holding that all four opponents lacked standing. With respect to Broida, the hearing examiner stated:

> "Renaissance does not contest ... that Mr. Broida lives within sufficient proximity to the Property to qualify for the presumption of special aggrievement. Nonetheless, I find that Renaissance presented sufficient evidence to rebut the presumption by showing that Mr. Broida is not specially aggrieved. The [challenging parties] failed to meet their countervailing burden."

The four opponents appealed to the Howard County Board of Appeals pursuant to § 16.304(a) of the Howard County Code which provides that a

> "person aggrieved by a decision of a Hearing Examiner may, within 30 days of the issuance of the decision, appeal the decision to the Board of Appeals * * * [T]he Board will hear the appeal de novo...."

Renaissance filed with the Board a motion to dismiss, arguing that the four opponents of the site development plan lacked standing to appeal because they were not "aggrieved." The Board of Appeals held an evidentiary hearing extending over four days in December 2006 and January 2007. One member of the five-member Board had resigned because of illness, and, therefore, the Board conducted the hearing with only four members. None of the parties objected to the Board's acting with only four members.

Thereafter, on January 22, 2007, the Board, at an open meeting, deliberated on the motion to dismiss and unanimously concluded that the three opponents, other than Broida, did not have standing. The four members then discussed Broida's standing, and, according to the "Staff Notes" of the proceedings, they "took a straw vote" which indicated that two

members believed that Broida had standing and two members believed that Broida lacked standing.

The members of the Board of Appeals then went into a closed session to determine how to proceed. Two new members of the Board, one replacing the member who had resigned because of illness and one replacing a member who desired to retire, had been appointed but had not been confirmed. They were scheduled to be confirmed on February 5, 2007. The Board, after its closed session, announced that it would not then decide Broida's standing and that, upon their confirmation, the two new members would listen to the tape recording of the four-day hearing and would review the record. The new Board would on February 12, 2007, reconvene, deliberate, and vote on Broida's standing to appeal to the Board.[1]

Both Renaissance and Broida objected to the Board's decision to re-vote on February 12, 2007, with the new members. On February 7, 2007, Renaissance wrote a letter to the Board setting forth its objection to the Board's re-convening, re-deliberating, and re-voting on February 12th. Also on February 7th, Renaissance instituted the present case by filing, in the Circuit Court for Howard County, a complaint for a declaratory judgment. Named as defendants were the "Howard County Board of Appeals," "Howard County, Maryland,"

---

1. Section 2.201(c) of the Howard County Code provides as follows with respect to the Board of Appeals:

 "*Voting.* The same members of the Board who were present at the hearing shall make the decision on the case, provided that any member who was absent during any portion of the hearing or who was appointed after the hearing commenced shall be considered present for voting purposes and may vote if the member certifies in writing that the member reviewed all of the evidence submitted and listened to a recording of the portion of the hearing for which the member was not present. A decision shall have the concurrence of the majority of all members of the Board. A member who was absent during any portion of the hearing or who was appointed after the hearing commenced shall vote as provided in this paragraph if necessary to achieve the number of votes needed to render a decision unless the member recuses himself for cause. Failure to achieve the necessary affirmative votes shall result in the dismissal of the case."

and "Joel Broida." Renaissance sought a "judgment declaring that (a) the Board's 2 to 2 decision on January 22, 2007, is a final decision; (b) that decision requires the . . . Appeal [to the Board] to be dismissed. . . ." Upon the filing of its declaratory judgment complaint, Renaissance sent a "notice" to the Board of Appeals pointing out that § 2.204(j) of the Howard County Code required that any hearing in the case be stayed during the pendency of the judicial proceedings. Thereafter, the Board voted to continue the case because of the judicial proceedings.

In addition to the present declaratory judgment action, Renaissance on February 12, 2007, brought a separate action by filing, in the Circuit Court for Howard County, a "Petition For Judicial Review" under Maryland Rule 7–201, *et seq.*" On June 5, 2007, the Circuit Court, granting a motion for a stay, ordered that the judicial review action be "stayed pending resolution of" the declaratory judgment action.

Subsequently, Renaissance filed in the Circuit Court a motion for summary judgment and a memorandum in support of the motion. Renaissance argued that, because of the 2 to 2 vote, Broida's "appeal [to the Board of Appeals] must be dismissed," that "both Maryland Law and the Howard County Code require dismissal" of Broida's appeal, that "it would be improper for the Board to re-deliberate and re-vote," and that "it would be improper for the new members to vote."

The Howard County Board of Appeals responded to Renaissance's complaint and motion for summary judgment, arguing that the Board had not rendered a final decision, that Renaissance had failed to exhaust its administrative remedy, that the Board's contemplated action was legally proper and in accord with the Howard County Code, and that the declaratory judgment action should be dismissed. Broida filed a motion to dismiss, also arguing that the Board had not rendered a final decision and that Renaissance had failed to exhaust its administrative remedy.

After a hearing consisting of the attorneys' arguments, the Circuit Court filed an opinion and an order granting the

plaintiff's motion for summary judgment and denying the defense motions. Subsequently, the Circuit Court denied a motion by Broida which was, in substance, a motion for reconsideration.[2]

Broida appealed to the Court of Special Appeals, arguing both (1) the merits of the issue concerning the effect of a 2 to 2 vote by the Board of Appeals and (2) that there was no final decision by the Board and, therefore, Renaissance had failed to exhaust its administrative remedy. The Court of Special Appeals, in an unreported opinion, reversed the Circuit Court's judgment and directed that the case be remanded to the Board of Appeals for further proceedings consistent with the Court of Special Appeals' opinion. The intermediate appellate court initially invoked the following principle set forth in numerous opinions of this Court (*e.g.*, *Sugarloaf Citizens' Association v. Department of Environment*, 344 Md. 271, 297, 686 A.2d 605, 618–619 (1996), quoting *Bryniarski v. Montgomery Co.*, 247 Md. 137, 145, 230 A.2d 289, 294 (1967)):

> "In actions for judicial review of administrative land use decisions, '[a]n adjoining, confronting or nearby property owner is deemed, *prima facie*, . . . a person aggrieved. The person challenging the fact of aggrievement has the burden of denying such damage in his answer to the petition for [judicial review] and of coming forward with evidence to establish that the petitioner is not, in fact, aggrieved.'"

*See also County Council of Prince George's County v. Billings*, 420 Md. 84, 98, 21 A.3d 1065, 1073 (2011). The Court of Special Appeals then held that the "party challenging the presumption that" the "'adjoining, confronting or nearby property owner' is a person aggrieved" has both "the burden of production *and the burden of persuasion.*" Consequently, the appellate court concluded, in the proceedings before the Board of Appeals, Renaissance had the burden of proof that Broida was not aggrieved and "that the 2 to 2 vote of the

---

2. The motion was titled a "motion for appropriate relief."

Board had the effect of upholding Broida's status as presumptively aggrieved" and thus having standing.

The Court of Special Appeals stated that, because it had decided "that the 2 to 2 vote of the Board" resulted in Broida having standing to appeal to the Board, the court did not have to decide whether there was a final Board decision and, therefore, whether there was a failure to exhaust the administrative remedy. Nevertheless, the Court of Special Appeals' judgment was necessarily premised upon the "2 to 2 vote" constituting a final administrative decision.

Renaissance filed in this Court a petition for a writ of certiorari, challenging the merits of the Court of Special Appeals' holding that Broida had standing. The only mention in the certiorari petition of an issue concerning the finality of the administrative decision and exhaustion of the administrative remedy was a brief footnote, pointing out that Broida had raised the issue in the Court of Special Appeals but that the appellate court did not address the issue. Broida did not file a cross-petition for a writ of certiorari, although in his answer to the petition, in addition to supporting the Court of Special Appeals' decision, Broida argued that there was no final administrative decision and, accordingly, Renaissance had failed to exhaust its administrative remedy. This Court granted Renaissance's petition for a writ of certiorari.

## II.

 Howard County is a chartered home rule county under Article XI–A of the Maryland Constitution and the Express Powers Act, Maryland Code (1957, 2005 Repl.Vol.), Art. 25A. The Howard County Board of Appeals is established pursuant to, and governed by, Art. 25A, § 5(U).[3] Moreover, the admin-

---

**3.** Art. 25A, § 5(U) provides as follows:

"EXPRESS POWERS
§ 5. **Enumeration.**

istrative remedy before a board of appeals subject to Art. 25A, § 5(U), and thus the administrative remedy in the present case, is either exclusive or primary. *Maryland Reclamation Associates v. Harford County*, 382 Md. 348, 364–365 n. 6, 855 A.2d 351, 360–361 n. 6 (2004).[4] Therefore, like other exclusive

"The following enumerated express powers are granted to and conferred upon any county or counties which hereafter form a charter under the provisions of Article XI-A of the Constitution, . . .

\* \* \*

"(U) *County Board of Appeals*

"To enact local laws providing (1) for the establishment of a county board of appeals whose members shall be appointed by the county council; (2) for the number, qualifications, terms, and compensation of the members; (3) for the adoption by the board of rules of practice governing its proceedings; and (4) for the decision by the board on petition by any interested person and after notice and opportunity for hearing and on the basis of the record before the board, of such of the following matters arising (either originally or on review of the action of an administrative officer or agency) under any law, ordinance, or regulation of, or subject to amendment or repeal by, the county council, as shall be specified from time to time by such local laws enacted under this subsection: An application for a zoning variation or exception or amendment of a zoning ordinance map; the issuance, renewal, denial, revocation, suspension, annulment, or modification of any license, permit, approval, exemption, waiver, certificate, registration, or other form of permission or of any adjudicatory order; and the assessment of any special benefit tax: Provided, that upon any decision by a county board of appeals it shall file an opinion which shall include a statement of the facts found and the grounds for its decision. Any person aggrieved by the decision of the board and a party to the proceeding before it may appeal to the circuit court for the county which shall have power to affirm the decision of the board, or if such decision is not in accordance with law, to modify or reverse such decision, with or without remanding the case for rehearing as justice may require. Any party to the proceeding in the circuit court aggrieved by the decision of the court may appeal from the decision to the Court of Special Appeals in the same manner as provided for in civil cases."

4. For a discussion of the differences among exclusive, primary, and concurrent administrative remedies, *see* the discussions in *University System v. Mooney*, 407 Md. 390, 403–409, 966 A.2d 418, 426–429 (2009); *Prince George's County v. Ray's*, 398 Md. 632, 644–648, 922 A.2d 495, 502–504 (2007); *Arroyo v. Board of Education*, 381 Md. 646, 662–663, 851 A.2d 576, 586–587 (2004); *Fosler v. Panoramic Design*, 376 Md. 118, 126–130, 829 A.2d 271, 276–278 (2003); *Bell Atlantic v. Intercom*, 366 Md. 1, 11–13, 782 A.2d 791, 797–798 (2001); *Zappone v.*

or primary administrative remedies, the remedy provided by § 5(U) must be exhausted before resort to the courts. *See Holiday v. Anne Arundel County*, 349 Md. 190, 201, 707 A.2d 829, 834–835 (1998), where the Court stated:

> "This Court has consistently held that, where there exists a remedy before a charter county's board of appeals under Art. 25A, § 5(U), an aggrieved party must invoke and exhaust the administrative and judicial review remedy provided by § 5(U). *Md. Reclamation v. Harford Cty., supra*, 342 Md. [476] at 494, 677 A.2d [567] at 576 [ (1996) ]; *United Parcel v. People's Counsel, supra*, 336 Md. [569] at 588–589, 650 A.2d [226] at 236 [ (1994) ]; *Hope v. Baltimore County*, 288 Md. 656, 657–658, 421 A.2d 576, 577 (1980); *Klein v. Colonial Pipeline Co.*, 285 Md. 76, 83, 400 A.2d 768, 772 (1979)."

*See, also, e.g., County Council of Prince George's County v. Billings, supra*, 420 Md. at 99, 21 A.3d at 1065 ("As a prerequisite to judicial review, we generally require that parties pursue and complete all administrative avenues of relief which the legislature has provided"); *Laurel Racing v. Video Lottery*, 409 Md. 445, 458, 975 A.2d 894, 902 (2009) (" 'Where . . . the administrative remedy is deemed to be primary [or exclusive], this Court has generally held that it must be pursued and exhausted before a court exercises jurisdiction to decide the controversy' "); *University System v. Mooney*, 407 Md. 390, 412, 966 A.2d 418, 431 (2009) ("Where, as here, an administrative remedy is primary, . . . exhaustion of administrative remedies must occur prior to seeking judicial relief"); *Prince George's County v. Ray's*, 398 Md. 632, 647, 922 A.2d 495, 504 (2007) ("Whether exclusive or primary, this Court's opinions have made it clear that the adjudicatory [administrative] remedies provided by the [statute there involved] . . ., for the resolution of zoning issues like those presented here, must be pursued and exhausted before resort to the courts"); *Dorsey v. Bethel A.M.E Church*, 375 Md. 59, 76, 825 A.2d 388,

*Liberty Life Ins. Co.*, 349 Md. 45, 60–66, 706 A.2d 1060, 1067–1070 (1998).

398 (2003) (Involving a Board of Appeals created pursuant to Art. 25A, § 5(U), and the Court stated: "There could be no exhaustion of administrative remedies until there was a Board of Appeals' decision finally approving or disapproving [a party's] development plan. Until such time, no party to the administrative proceedings was entitled to maintain a Circuit Court action"), and cases there cited.

 Overlapping the principle that administrative remedies must be exhausted is the requirement of a final administrative decision. If there is no final administrative decision in a case before an administrative agency, there is ordinarily no exhaustion of the administrative remedy. In *Dorsey v. Bethel A.M.E. Church, supra,* 375 Md. at 74–75, 825 A.2d at 397, we set forth the finality principle as follows:

> "[T]his Court has consistently held that, in the absence of a statutory provision expressly authorizing judicial review of interlocutory administrative decisions, and in the absence of an interlocutory administrative decision with immediate legal consequences causing irreparable harm, 'the parties to the controversy must ordinarily await a *final administrative decision* before resorting to the courts.' *State v. State Board of Contract Appeals,* 364 Md. 446, 457, 773 A.2d 504, 510 (2001) (emphasis added)."

Consequently, apart from the two exceptions delineated in the above quotation, a final administrative decision is a prerequisite for "resorting to the courts," *i.e.,* for a court to consider and decide the merits or other issues in a case like the present one. *See, e.g., Willis v. Montgomery County,* 415 Md. 523, 534, 3 A.3d 448, 455 (2010) (" 'As a general rule, an action for judicial review of an administrative order will lie only if the administrative order is final,' " quoting *Holiday Spas v. Montgomery County,* 315 Md. 390, 395, 554 A.2d 1197, 1199 (1989)); *Laurel Racing v. Video Lottery, supra,* 409 Md. at 460, 975 A.2d at 903 (A "party must exhaust the administrative remedy and obtain a final administrative decision . . . before resorting to the courts"); *Arroyo v. Board of Education,* 381 Md. 646, 667, 851 A.2d 576, 589 (2004) ("[I]n cases where the administrative remedy is primary, and there are alternative judicial

remedies available, the alternate judicial remedy may not be resolved ... prior to ... the final agency determination"); *Driggs Corp. v. Md. Aviation*, 348 Md. 389, 407, 704 A.2d 433, 443 (1998) ("The salutary purpose of the finality requirement is to avoid piecemeal actions in the circuit court").

Turning to the case at bar, Renaissance does not challenge the general principle that an administrative decision must be final before resort to the courts. Instead, Renaissance advances several arguments in response to Broida's contention that the Board did not render a final decision. Renaissance argues that, because Broida took the position before the Board that its 2–2 vote was a final decision in Broida's favor, Broida is now estopped from arguing that the Board failed to render a final decision. Next, Renaissance relies on Maryland Rule 8–131(b)(1) which provides that, in a case decided by an intermediate appellate court, this Court "ordinarily will consider only an issue that has been raised in the petition for certiorari or any cross-petition...." Renaissance points out that the issue of administrative finality and exhaustion of the administrative remedy was not encompassed by the certiorari petition and that Broida failed to file a cross-petition for certiorari.

Renaissance also states that, when it filed its complaints for a declaratory judgment and judicial review, the Board met and voted that it would "continue the matter until [the case came] back from the Circuit Court." Renaissance then asserts: "Thus, because the Board officially closed its proceedings, there were no administrative remedies left for the parties to pursue." (Petitioner's reply brief at 12).

Finally, Renaissance argues that the Board's intended action of convening later and voting again with the two new members participating would be unauthorized and improper. According to Renaissance, the Board's planned action would be contrary to the Board's Rules and the Howard County Code. Because the subsequent action by the Board would, in Renaissance's view, be illegal, Renaissance seems to conclude that the 2–2 "straw vote" by the Board was a final administra-

tive decision, thereby authorizing the present declaratory judgment action.

Renaissance's reliance upon Broida's position before the Board of Appeals, and upon the omission in the certiorari petition of any issue concerning the exhaustion of administrative remedies and absence of a final administrative decision, is entirely misplaced. This Court has pointed out, time after time, that because of the important public policy involved, the Court will address *sua sponte* the related issues of primary jurisdiction, exhaustion of administrative remedies, finality of administrative decisions, and the availability of declaratory judgment actions. These are threshold issues which the Court will consider regardless of the positions that have been taken by the parties and regardless of what has been raised by the parties.

Thus, in *Board of Education for Dorchester County v. Hubbard,* 305 Md. 774, 787, 506 A.2d 625, 631 (1986), the Court explained:

> "While the failure to invoke and exhaust an administrative remedy does not ordinarily result in a trial court's being deprived of fundamental jurisdiction, nevertheless, because of the public policy involved, the matter is for some purposes treated *like* a jurisdictional question. Consequently, issues of primary jurisdiction and exhaustion of administrative remedies will be addressed by this Court sua sponte even though not raised by any party. *See, e.g., Comm'n on Human Rel. v. Mass Transit,* 294 Md. 225, 232, 449 A.2d 385 (1982); *Sec., Dep't of Human Res. v. Wilson, supra,* 286 Md. [639] at 645, 409 A.2d 713 [ (1979) ]."

More recently, the Court has reaffirmed the applicable rule (*Laurel Racing v. Video Lottery, supra,* 409 Md. at 457–458, 975 A.2d at 901–902):

> "Preliminarily, the State's abandonment of its exclusive or primary jurisdiction and exhaustion of administrative remedies argument has no effect upon this Court's obligation to consider the issue. Recently in *University System v. Moo-*

*ney,* 407 Md. 390, 401, 966 A.2d 418, 424 (2009), Judge Battaglia for the Court reiterated the controlling principle:

'Although we usually will not consider an issue that has not been raised below, there is "a limited category of issues, in addition to jurisdiction, which an appellate court ordinarily will address even though they were not raised by a party." *Moats v. City of Hagerstown,* 324 Md. 519, 525, 597 A.2d 972, 975 (1991). One of these issues is the exhaustion of administrative remedies, which we will address when raised for the first time before us, or on our own initiative.' "

Specifically with regard to the general requirement in Rule 8–131(b)(1) that this Court "ordinarily will consider only an issue that has been raised in the petition for certiorari or any cross-petition," we have held as follows (*Montgomery County v. Broadcast Equities, Inc.,* 360 Md. 438, 450–451 n. 7, 758 A.2d 995, 1002 n. 7 (2000), some internal quotation marks omitted):

"There are a few well-established exceptions to the principle embodied in Rule 8–131(b). One of them is that this Court will address, *sua sponte,* an issue concerning exhaustion of an administrative remedy or primary jurisdiction. *See, e.g., Md. Reclamation v. Harford County, supra,* 342 Md. at 490 n. 10, 677 A.2d at 574 n. 10 ('[t]he exhaustion or exclusivity of an administrative remedy is ... an issue which an appellate court ordinarily will address even though [it was] not raised by a party,' quoting *Moats v. City of Hagerstown,* 324 Md. 519, 525, 597 A.2d 972, 975 (1991)); *Montgomery County v. Ward,* 331 Md. 521, 526 n. 6, 629 A.2d 619, 621 n. 6 (1993) (issue of whether administrative remedy was exhausted is an exception to Rule 8–131 ...)."

*See Furnitureland South, Inc. v. Comptroller,* 364 Md. 126, 132, 771 A.2d 1061, 1065 (2001) ("Although no party has raised any question regarding the invocation and exhaustion of administrative remedies, and the propriety of a declaratory judgment action, these are issues which this Court will address *sua sponte* "). *See also, e.g., Tamara A. v. Montgomery*

*County,* 407 Md. 180, 187–188 n. 5, 963 A.2d 773, 777 n. 5 (2009) (The defendant conceded that the plaintiff could maintain a judicial review action from a non-final administrative decision, but the Court stated: "That issue, which goes to the requirement that a party must exhaust available administrative remedies before commencing judicial action, is not one that may be effectively conceded"); *Moose v. Fraternal Order of Police,* 369 Md. 476, 488, 800 A.2d 790, 797 (2002) (This Court, *sua sponte,* ordered that the declaratory judgment action be dismissed for failure to exhaust administrative remedies and, because the declaratory judgment action would not lie, stated: "Indeed, because the parties cannot, by agreement, cause an appellate court to act contrary to public policy, such a court will consider this [exhaustion] question even though all of the parties desire judicial intervention"); *Moats v. City of Hagerstown,* 324 Md. 519, 525, 597 A.2d 972, 975 (1991) ("[B]ecause of important public policy considerations, there is a limited category of issues, in addition to jurisdiction, which an appellate court ordinarily will address even though they were not raised by a party. * * * The exhaustion or exclusivity of an administrative remedy is such an issue").

In light of the cases reviewed above, there is no merit in Renaissance's arguments that Broida is estopped from contending that the administrative remedy has not been exhausted and that the exhaustion issue was not included in the certiorari petition.

■■ There is also a complete lack of merit in Renaissance's argument that, because the Board of Appeals stayed proceedings while the case was in the courts, there is no administrative remedy to exhaust. The stay by the Board of Appeals was at the instigation of Renaissance and was pursuant to the Howard County Code. The stay clearly was not a final administrative decision. On the contrary, after this case is dismissed by the Circuit Court, the proceedings before the Board of Appeals will presumably resume in accordance with the Board's plan of operation. For an administrative agency to stay proceedings while a case is before the courts is a common occurrence, and does not excuse a failure to exhaust

administrative remedies. *See, e.g., Fosler v. Panoramic Design,* 376 Md. 118, 123–124, 829 A.2d 271, 274 (2003) (The agency notified the parties that " 'this agency will take no action on the complaint until final resolution of the court actions' "); *Board of License Com'rs v. Corridor,* 361 Md. 403, 409, 761 A.2d 916, 919 (2000) (Administrative proceedings were stayed pending court action).

Renaissance's contention that the Board of Appeals' planned action would be unauthorized and improper also does not excuse or cure the lack of a final administrative decision and the failure to exhaust the administrative remedy. The appropriate time to argue that the decision of an administrative agency was not in accordance with law is in a judicial review action, *after* the rendering of a final administrative decision. *See, e.g., Tamara A. v. Montgomery County, supra,* 407 Md. at 187, 963 A.2d at 777 (This was, like the present case, a judicial action to review a non-final administrative decision, and this Court, in ordering that the judicial action be dismissed, stated: "We are not concerned here with whether the ALJ's [interlocutory administrative] decision was correct"); *State v. State Board of Contract Appeals,* 364 Md. 446, 456–458, 773 A.2d 504, 510–511 (2001) (In a judicial action to review an interlocutory order of an administrative agency, the issue on the merits was whether a government contract was a procurement contract, and this Court held that "the Circuit Court erred in deciding that the contract was a 'procurement contract,' " and instead, the Circuit Court should have awaited a final administrative decision); *Board of License Com'rs v. Corridor, supra,* 361 Md. at 419, 761 A.2d at 924 (" 'A party's argument that an agency will be exceeding its authority if it ultimately interprets the statute and decides the case contrary to that party's position, does not excuse the failure to await a final agency decision,' " quoting *Comm'n On Human Relations v. Mass Transit,* 294 Md. 225, 233, 449 A.2d 385, 389 (1982)).

It is obvious that the Board of Appeals' 2 to 2 "straw vote" was not a final administrative decision in light of the Board's

planned action to convene later and re-vote. *See Willis v. Montgomery County, supra,* 415 Md. at 535, 3 A.3d at 455–456 ("To be 'final,' the order or decision must dispose of the case by deciding all questions of law and fact and leave nothing further for the administrative body to decide"), and cases there collected. Accordingly, the Circuit Court should have dismissed the declaratory judgment action.

■ There is another reason why the declaratory judgment action should have been dismissed. The Declaratory Judgments Act, in Maryland Code (1974, 2006 Repl.Vol.), § 3–409(b) of the Courts and Judicial Proceedings Article, provides:

"(b) *Special form of remedy provided by statute.*—If a statute provides a special form of remedy for a specific type of case, that statutory remedy shall be followed in lieu of a proceeding under this subtitle."

We have consistently held that, where the General Assembly has provided an exclusive or primary administrative remedy and judicial review remedy, the above-quoted section precludes a declaratory judgment. *See, e.g., Laurel Racing v. Video Lottery, supra,* 409 Md. at 464–465, 975 A.2d at 906; *Sprenger v. PSC,* 400 Md. 1, 24, 926 A.2d 238, 251 (majority opinion), 400 Md. at 33–38, 926 A.2d at 257–260 (concurring opinion) (2007); *Prince George's County v. Ray's, supra,* 398 Md. at 648–649, 922 A.2d at 504–505; *Hartman v. Prince George's County,* 264 Md. 320, 323–325, 286 A.2d 88, 89–90 (1972), and cases there cited. Specifically with regard to a Board of Appeals created pursuant to the Express Powers Act, Art. 25A, § 5(U), we held in *Holiday v. Anne Arundel, supra,* 349 Md. at 201–204, 707 A.2d at 834–836, that a declaratory judgment action will not lie and that the administrative and *judicial review action* provided by § 5(U) must be followed.

Because there was no final administrative decision, both the Circuit Court and the Court of Special Appeals erred in reaching the merits of this case. The declaratory judgment action should have been dismissed.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED AND CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO RE-VERSE THE JUDGMENT OF THE CIRCUIT COURT FOR HOWARD COUNTY AND REMAND THE CASE TO THE CIRCUIT COURT WITH DIRECTIONS TO DISMISS THE ACTION. PETITIONER TO PAY THE COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS.*