## DANIEL HOPE, JR. ET AL. *v.* BALTIMORE COUNTY, MARYLAND ET AL.

[No. 9, September Term, 1980.]

*Decided October 27, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*C. Victor McFarland,* with whom was *Louis J. Weinkam* on the brief, for appellants.

*John A. Austin, Assistant County Solicitor,* with whom was *Leonard S. Jacobson, County Solicitor,* on the brief, for appellee Baltimore County, Maryland. *Charles B. Heyman,* with whom were *Ellen W. Fales,* and *Kaplan, Heyman, Greenberg, Engelman & Belgrad, John Martin Jones, Jr., Mark Pollak* and *Piper & Marbury* on the brief, for other appellees.

SMITH, J., delivered the opinion of the Court.

We shall here hold that because Baltimore County Charter § 601 created and established a county board of appeals implementing Maryland Code (1957) Art. 25A, § 5 (U), a party aggrieved by the approval or disapproval of a subdivision plat in that county must appeal to that county's board of appeals and may not appeal directly to the circuit

court. Hence, we shall affirm the judgment of the Court of Special Appeals in *Hope v. Baltimore County,* 44 Md. App. 481, 409 A.2d 753 (1980), which in turn affirmed a similar determination in the Circuit Court for Baltimore County (Raine, C.J.).

Appellants, Daniel Hope, Jr., et al., appealed to the Circuit Court for Baltimore County from the decision of the county's planning board approving a final subdivision plat called "Walden Pond" submitted by one of the appellees here. Hope invoked the provisions of Baltimore County Code (1968) § 22-38 which provides that "any person ... aggrieved by the action of the planning board on final plats of subdivisions under section 22-37" may appeal to the circuit court "within thirty days after the date of action by the planning board." A similar provision appeared in Baltimore County Code (1958) § 23-26. It had its genesis in Chapter 610 of the Acts of 1955, being enacted as § 466 of the Code of Public Local Laws of Baltimore County before home rule came to that county.

Chief Judge Raine in the Circuit Court for Baltimore County dismissed the appeal from the approval of the subdivision plat, saying in pertinent part:

> I have no alternative except to rule that as a matter of law Section 22-38 of the Baltimore County Code is a nullity. It is void because it is in direct conflict with the Baltimore County Charter. It cannot be used as a vehicle to obtain judicial review of Planning Board action, and, therefore, the appeal of the persons who are aggrieved by their decision must be dismissed.
>
> * * *
>
> All those comments are gratuitous and parenthetical. All that this court is deciding today in this case is that the County Charter provides an exclusive right for appeal from any planning or zoning administrative or adjudicatory order.
>
> The Charter provision providing that exclusive

> right conflicts with Section 22-38 of the Baltimore County Code, and the latter must yield to the Charter provisions, the Charter being our organic law.
>
> If the Charter needs to be changed, if somebody wants to do something inconsistent with present Charter provisions, the people have to amend the Charter. The County Council has no power to pass legislation which is not in accord with the County Charter. That's a fundamental concept.

Baltimore City and the twenty-three counties of Maryland are authorized by Maryland Constitution Art. XI-A to adopt home rule. Pursuant to that authorization a charter was adopted by the people of Baltimore County on November 6, 1956.

Constitution Art. XI-A, § 2 required the General Assembly "at its first session after the adoption of [the home rule] amendment . . . by public general law [to] provide a grant of express powers for such County or Counties as m[ight] thereafter form a charter under the provisions of [Article XI-A]." This grant of express powers is found in Code (1957) Art. 25A. Section 5 of that article "enumerate[s] express powers [which] are . . . granted to and conferred upon any county or counties which . . . form a charter under the provisions of said Article 11A of the Constitution . . . ."

Subsection (U) provides in pertinent part that counties have power:

> To enact local laws providing (1) for the establishment of a county board of appeals whose members shall be appointed by the county council; . . . and (4) for the decision by the board on petition by any interested person and after notice and opportunity for hearing and on the basis of the record before the board, of such of the following matters arising (either originally or on review of the action of an administrative officer or agency) under any law, ordinance, or regulation of, or subject to amendment or repeal by, the county council, as

shall be specified from time to time by such local laws enacted under this subsection: . . . the issuance, renewal, denial, revocation, suspension, annulment, or modification of any . . . approval . . . or other form of permission or of any adjudicatory order . . . . Any person aggrieved by the decision of the board and a party to the proceeding before it may appeal to the circuit court for the county which shall have power to affirm the decision of the board, or if such decision is not in accordance with law, to modify or reverse such decision . . . . Any party to the proceeding in the circuit court aggrieved by the decision of the said court may appeal from such decision to the Court of Special Appeals. The review proceedings provided by this subsection shall be exclusive.

Section 601 of the County charter says, "There is hereby created and established a county board of appeals . . . ." Its powers and functions are spelled out in § 602 which states in relevant part:

The county board of appeals shall have and may exercise the following functions and powers, which are hereby severally transferred from the board of zoning appeals, the board of license appeals and the county commissioners:

(a) *Appeals from orders relating to zoning.* . . .

(b) *Appeals from orders relating to licenses.* . . .

(c) *Appeals from orders relating to building.* . . .

(d) *Appeals from executive, administrative and adjudicatory orders.* The county board of appeals shall hear and decide appeals from all other administrative and adjudicatory orders as may from time to time be provided by Article 25A of the Annotated Code of Maryland (1951 Edition), as amended, or by legislative act of the county council not inconsistent therewith.

An aggrieved party is permitted by § 604 to appeal to the

circuit court. A further right of appeal is provided for a party aggrieved by the decision of the circuit court.

In their effort to upset the decision of the Court of Special Appeals and that of the Circuit Court for Baltimore County, Dr. Hope and his group argue (1) that § 22-38 of the Baltimore County Code "is entitled to a presumption in favor of its validity" ; (2) that enactment of § 602 of the County charter did not preclude the enactment of § 22-38 of the Baltimore County Code; (3) that the provisions of Art. 25A, § 5 (U) do not invalidate Baltimore County Code § 22-38; (4) that assuming that § 22-38 was enacted subsequent to the Baltimore County charter, pursuant to Art. 25A, § 5 (X) it would be valid, and (5) that the decision of the Court of Special Appeals affirming the decision of the lower court that § 22-38 was void "destroyed the right of appeal from any adverse decision of the Planning Board."

We shall dispose of the first and last points at the beginning. We have said many times that statutes are presumed to be valid. Such presumption, however, does not prevent our striking down a statute when its invalidity is perceived, notwithstanding the passage of time. See, e.g., the comments for this Court of Chief Judge Boyd and Judge Pearce, respectively, in *Somerset Co. v. Pocomoke Bridge Co.,* 109 Md. 1, 8, 71 A. 462 (1908), and *Arnsperger v. Crawford,* 101 Md. 247, 258, 61 A. 413 (1905).

It is suggested that "[t]he contemporaneous construction of the Circuit Court for Baltimore County, in considering Section 22-38 before and after the adoption of the Baltimore County Charter" should shield that section from being struck down. No authority in support of that proposition is cited. Such is not the law. We point out that the elapsed time between enactment and court decision here is not nearly so long as that in the case of Code (1951) Art. 75, § 118 providing that in the matter of removal of cases for trial from one court to another the cost of the transcript of record should "be paid to the clerk making the same, by the party suggesting such removal before the said record is transmitted." That provision came in the Code by the enactment of Chapter 510 of the Acts of 1912. In *Barnes v.*

*Meleski,* 211 Md. 182, 187, 126 A.2d 599 (1956), the Court held the provision invalid, saying it "violates Sec. 8 of Art. IV of the Maryland Constitution" relative to removal. It may be that the appellants are thinking of the oft stated proposition that where the language of a statute is susceptible of two reasonable constructions, an administrative practice which has been followed by officials of the State for a long period of time has a very persuasive influence on the judicial construction of the statute. However, in that context, this Court has pointed out that where the language of a statute is plain and unambiguous, the judicial construction cannot be controlled by extraneous considerations and no custom, however venerable, can nullify the plain meaning and purpose of a statute. *Rogan v. Baltimore & O. R. R.,* 188 Md. 44, 58, 52 A.2d 261 (1947).

The cases cited by Dr. Hope in support of his proposition that the decision of the Court of Special Appeals holding that § 22-38 was void destroyed the right of appeal from any adverse decision of the planning board are decisions holding that one may not appeal from circuit court action on an appeal from an administrative agency unless such right of appeal is specifically provided. The contention here is without merit because § 604 of the charter and Art. 25A, § 5 (U) each specifically provide for an appeal from the decision of the circuit court by one aggrieved by its action on an appeal from the board of appeals.

It will be noted that Constitution Art. XI-A, § 1 relative to county charters provides, "[A]ny public local laws inconsistent with the provisions of said charter . . . shall be thereby repealed." Constitution Art. XI-A, § 3 provides "that in case of any conflict between [any] local law [enacted under a charter] and any Public General Law now or hereafter enacted the Public General Law shall control." [1]

Section 602 of the Baltimore County charter after referring to appeals from certain types of orders provides in

---

1. This is contrary to the situation relative to conflict between a public general law and a public local law enacted by the General Assembly. In that situation under Code (1957) Art. 1, § 13 the public local law would prevail. Wilson v. Bd. of Sup. of Elections, 273 Md. 296, 301, 328 A.2d 305 (1974).

§ 602 (d) in unmistakably clear language that the board is to "hear and decide appeals from all other administrative and adjudicatory orders as may from time to time be provided by Article 25A . . . as amended . . . ." The approval or disapproval of a subdivision plat is an administrative or adjudicatory order. The section refers to "all" such orders.

There would have been no need to insert in Constitution Art. XI-A, § 1 the provision that public local laws inconsistent with the provisions of the charter were to be thereby repealed unless it had been contemplated that the people of a county in adopting a charter might thereby enact charter provisions inconsistent with prior acts of the General Assembly. The power granted counties under Art. 25A, § 5 (U) is "[t]o enact local laws providing . . . for the establishment of a county board of appeals" etc. It follows that when the people of Baltimore County placed a provision relative to a board of appeals in their charter they were acting pursuant to the authority granted under Constitution Art. XI-A and § 5 (U). If one had the slightest doubt of the intent of the charter it would be dispelled by reference to the Reporter's Notes. Those to § 601 state:

> Section 601. *County Board of Appeals; Appointments; Terms; Compensation.* The legal authority for the creation of a County Board of Appeals is contained in Article 25A, Section 5 (V) of the State Code, as amended by the Acts of 1953, Chapter 199. This statute expressly authorizes the chartered county to enact local laws providing for the establishment of a County Board of Appeals "whose members shall be appointed by the county council". [*Proposed Home Rule Charter for Baltimore County, Maryland, with Reporter's Notes and Index* (1956) 135-36.]

Art. 25A, § 5 (V) has since been renumbered to the present § 5 (U). Constant reference is made to § 5 (V) or, as it is now, § 5 (U) in the several pages of Reporter's Notes dealing with Art. VI of the Baltimore County Charter. The plain meaning of the charter provisions is to embrace all of the authority

granted under § 5 (U). This provides for a right of appeal in the matter of any "approval . . . or other form of permission or of any adjudicatory order," language sufficiently broad to grant a right of appeal from the approval or disapproval of a subdivision plat.

It is suggested that "[i]t would be unreasonable and illogical to interpret the thrust of Article 25A, § 5 (U) as mandatory rather than discretionary." It certainly does not mandate that a county create a board of appeals implementing the powers there granted. Here Baltimore County in its creation of its board of appeals has indicated an intent that the board's powers are to be those set forth in Art. 25A, § 5 (U). Once having availed itself of that power, then it follows that § 5 (U)'s provisions must be applicable. The concluding sentence of the section is, "The review proceedings provided by this subsection shall be exclusive." This provision appeared at the time of the original enactment by the General Assembly of what is now § 5 (U) by Chapter 670 of the Acts of 1951. Accordingly, under Constitution Art. XI-A, § 1 providing that enactment of a charter would constitute repeal of all public local laws inconsistent with the charter provisions, the right of appeal provided in the preexisting county code was repealed. Thereafter, if Baltimore County had attempted to enact a statute concerning appeals inconsistent with the exclusive right of appeal provided in Art. 25A, § 5 (U) it would have been acting in a manner not permitted by its own charter. Obviously, it could repeal the charter provision.

Dr. Hope points to Art. 25A, § 5 (X) which provides:

> To enact local laws, for the protection and promotion of public safety, health, morals, and welfare, relating to zoning and planning including the power to provide for the right of appeal of any matter arising under such planning and zoning laws to the circuit court except as is provided in § 5 (U) of this article. Any decision of the circuit court may be appealed to the Court of Special Appeals.

He contends that this would validate the code provisions. We

do not see it that way. This is a grant of power to a county to enact local laws relating to zoning and planning. The amendment to Art. 25A, § 5 (X) by Chapter 267 of the Acts of 1975 added the words "including the power to provide for the right of appeal of any matter arising under such planning and zoning laws to the circuit court except as is provided in § 5 (U) of this article." This amendment was recommended by the Legislative Council to the General Assembly of 1975. It said in its report:

### Explanation

Senate Bill 76 of the 1974 Session was intended to clarify the right of appeal from the Circuit Court to the Court of Appeals from zoning reclassifications made by the legislative bodies of non-charter counties, municipalities and the City of Baltimore under Article 66B of the Annotated Code. Senate Bill 76 also empowered all counties, municipalities and the City of Baltimore to provide for an appeal by local ordinance or statute in other planning and zoning matters.[2]

During the course of the deliberations, objections were voiced to the inclusion of charter counties under the provisions of Article 66B which normally is applicable only to non-charter counties.

The proposed legislation clarifies the right of appeal, and enables local jurisdictions to provide for other appeals for non-charter counties, municipalities and the City of Baltimore by amending the appropriate provisions of Article 66B. The proposed legislation also empowers charter counties to provide for appeals in planning and zoning matters by amending Article 25A, Section 5

---

2. Senate Bill No. 76 of the 1974 session as originally introduced provided further appeal to this Court from circuit courts and the Baltimore City Court in the matter of appeals to those courts arising under Art. 66B. It was amended to authorize the Mayor and City Council of Baltimore, the local legislative body of counties (including home rule counties) and the local legislative body of municipalities to provide for review by the circuit courts and the Baltimore City Court of matters arising under the zoning laws with further appeal to the Court of Special Appeals.

(X), The Express Powers Act, pursuant to which charter counties derive their power to adopt planning and zoning regulations. [*Id.* at 193-94.]

The title to Chapter 267 indicates that its purpose is that

of clarifying the right of appeal of decisions of the Circuit Court or the Baltimore City Court in zoning cases, to provide that counties, municipalities and the City of Baltimore may provide for an appeal to the Circuit Court or the Baltimore City Court of any matter arising under the planning and zoning laws of a county, municipality or the City of Baltimore . . . .

See the discussion of this chapter in *Board v. Stephans,* 286 Md. 384, 393-96, 408 A.2d 1017 (1979).

*If* the County had not availed itself of the power granted under § 5 (U) to create a board of appeals, then § 5 (X) would in fact be power to the County "to provide for the right of appeal of any matter arising under such planning and zoning laws to the circuit court . . . ." However, the phrase "except as provided in § 5 (U)" limits the County's grant of authority once it has availed itself of the powers under § 5 (U). We have said many times that where two statutes deal with the same subject matter they must be construed together if they are not inconsistent with one another; that, to the extent possible, full effect should be given to each; that this is true notwithstanding the fact that the statutes may have been enacted at different times with no reference to each other, because in that case the rule is that the statutes must be harmonized to the extent possible; and that absent a clear indication to the contrary, a statute, if reasonably possible, is to be read so that no word, clause, sentence or phrase is rendered surplusage, superfluous, meaningless, or nugatory. *Police Comm'r v. Dowling,* 281 Md. 412, 418-19, 379 A.2d 1007 (1977), and cases there cited. Applying that reasoning, the answer here becomes clear. Charter § 602 provides a right of appeal consistent with Art. 25A, § 5 (U). Under § 5 (U) that appeal is the exclusive remedy.

Therefore, there was no right of appeal to the circuit court in this case from the approval of the subdivision.

We have carefully examined *Board v. Stephans,* 286 Md. 384, 408 A.2d 1017 (1979), which appellants suggest is in some manner inconsistent with the holding of the Court of Special Appeals and the circuit court. We find no inconsistency between our decision here and that in *Stephans* or that in *Klein v. Colonial Pipeline Co.,* 285 Md. 76, 400 A.2d 768 (1979), in which we last considered the applicability of Art. 25A, § 5 (U).

> *Judgment affirmed; appellants to pay the costs.*