656 A.2d 341

ANNE ARUNDEL COUNTY, Maryland

v.

2020C WEST STREET, INC. d/b/a 2020 News, et al.

No. 1032, Sept. Term, 1994.

Court of Special Appeals of Maryland.

April 3, 1995.

David A. Plymyer, Deputy County Atty. (Judson P. Garrett, Jr., County Atty., on the brief), Annapolis, for appellant.

Sager A. Williams, Jr., Annapolis (Harry C. Blumenthal and Blumenthal & Delavan, P.A., Annapolis, Gerard P. Martin and Martin, Junghans, Snyder & Bernstein, P.A., Baltimore, on the brief), for appellees.

Argued before FISCHER, CATHELL and MURPHY, JJ.

FISCHER, Judge.

This appeal arises from a petition filed with the Circuit Court for Anne Arundel County requesting judicial review of a decision of the Anne Arundel County Board of Appeals (the "Board"). On December 16, 1992, the Anne Arundel County Office of Planning and Zoning (the "County") [1] issued a Notice of Zoning Violation (the "notice") to appellees, 2020C West Street, Inc. ("2020C") and Michael Piera and Kathe Piera (the "Pieras"). Appellees responded to the notice by filing an appeal with the Board on January 13, 1993, pursuant to § 602 of the Anne Arundel County Charter and Article 3, § 1–102(c) of the County Code. The Board dismissed the appeal on the basis that the notice did not constitute a final order within the appellate jurisdiction of the Board and that it was inappropriate to rule on allegations that the regulatory scheme was unconstitutional. Appellees filed a petition to the circuit court, requesting judicial review of the Board's order. The parties submitted a joint statement of facts. On April 24, 1994, after a hearing on the petition, the court issued a written order reversing the Board and remanding to the Board for a hearing on the merits. The County appeals and asks us to consider the following questions:

I. Did the Circuit Court err in reversing the decision by the Anne Arundel County Board of Appeals that the Notice of Zoning Violation did not constitute a final order within the appellate jurisdiction of the Board?

II. Was the dismissal of the Notice of Zoning Violation by the Board of Appeals proper under the doctrine of primary jurisdiction?

## FACTS

On April 14, 1983, 2020C opened for business, after obtaining a Zoning Certificate of Use from the County for a retail use described as an adult movie arcade and bookstore. The business includes the display, sale, and rental of books, maga-

---

1. Now known as the Department of Planning and Code Enforcement.

zines, videotapes and other expressive materials. A portion of these materials involves themes of a sexual nature. At the time 2020C opened, County law did not define or specially regulate adult bookstores or movie arcades.

Anne Arundel County revised its zoning laws to define and specially regulate adult uses, effective November 1, 1991. The new regulations were included in County Bill No. 98–91. This Bill removed adult uses as permitted uses in the Town Center zoning district in which 2020C was located. In addition, the Bill created an amortization schedule, requiring businesses to register as nonconforming uses that must cease operation within twelve months. Anne Arundel County later enacted Bill No. 101–92, shortening the twelve month amortization period to six months.

On January 9, 1992, the County sued 2020C in the Circuit Court for Anne Arundel County to enforce the licensing provisions of Bill 98–91 (case number C–91–01038). On April 14, 1992, appellees filed an action for declaratory judgment and injunctive relief (case number C–92–04432). Appellees attack the constitutionality of Bill 98–91 on its face and as it is applied to their property. These suits have been consolidated and are still pending.[2]

On December 16, 1992, the County issued a Notice of Zoning Violation to the Pieras stating that property they owned at 2020C West Street was being used in violation of zoning regulations set forth in the Anne Arundel County Code (the "code"). The Pieras own the property and the building located at 2020 West Street and lease a portion of the building to 2020C. The business identified in the notice was an "adult bookstore and/or an adult motion picture theater which is not a permitted use in the town center district," owned and operated by 2020C. The Pieras connection to 2020C is a

---

2. On December 14, 1992, Judge Williams of the Anne Arundel County Circuit Court entered a partial summary judgment, finding that 2020C was operating an adult film arcade without a Class Y license in violation of the Code.

landlord/tenant relationship.[3] The notice identified the following as the applicable corrective action:

> Cease operation of the business by the above date [February 15, 1993] or apply for registration as a nonconforming use within 60 days of the date of receipt of this notice. Should a nonconforming use be granted, the date of discontinuance shall be six months from the date of the receipt of this notice.

The notice cited to Article 28, §§ 6–303(1), 3–303, and 1–126(b) of the Anne Arundel County Code.

Instead of proceeding with the corrective action set forth in the notice, appellees filed an administrative appeal to the Board pursuant to Md.Code (1957, 1994 Repl.Vol.), Art. 25A, § 5(U), § 602 of the Anne Arundel County Charter, Article 3 of the Anne Arundel County Code, and the Rules of Practice and Procedure of the County Board of Appeals. In its appeal, appellees argued that the regulatory scheme under which the County purported to act in making the administrative decisions is illegal and void, contrary to the Charter, an invalid exercise of legislative power, arbitrary, capricious, and unconstitutional. Appellees also disputed the factual determination that the business is an adult bookstore or movie theater and argued that the decision was arbitrary, capricious, and not in accordance with law. The County moved to dismiss the appeal maintaining that the Board did not have the authority to hear an appeal from a Notice of Zoning Violation and that the Board lacked jurisdiction to rule on constitutional questions. The Board held a hearing on the limited issue of whether the Board had subject matter jurisdiction over the appeal. Without reaching the merits of the appeal, the Board determined that the notice was not an appealable order or decision and granted the County's motion to dismiss. In its opinion and order, the Board wrote:

---

**3.** Under the County Code Article 28, § 17–102, a property owner may be held responsible for a zoning violation located on his or her property.

This Board in the past has consistently found that a notice of zoning violation is not a final order upon which an appeal can be based. Since the Board under the County Charter, Article 25A, § 5(U), may consider appeals from any adjudicatory order and order which has been determined to be a final order, a notice of zoning violation has not been deemed in the past to be a final order. Title 17 of Anne Arundel County Code sets out specific jurisdiction and remedies available to the recipient of a notice of zoning violation. Consequently, it has been concluded by this Board that the notice of zoning violation is not an appealable order or decision.... Additionally, this Board also concludes that it is inappropriate for the Board to rule on Petitioner's allegations that the regulatory scheme is unconstitutional and void. It is well established that this Board is without authority to consider and determine constitutional questions raised by the appellants. Since the issue raised here is that the regulations upon which this violation is based are illegal, unconstitutional and void, the Board cannot consider this.

Appellees then filed a petition for judicial review and asked the circuit court to decide an issue of law: Does the County Board of Appeals have subject matter jurisdiction to hear the appeal filed by 2020C and the Pieras challenging the County's December 16, 1992 Notice of Zoning Violation? The circuit court held that the Board had jurisdiction pursuant to § 602 of the Anne Arundel County Charter and erred in dismissing the appeal. The matter was remanded to the Board for a determination on the merits.

## STANDARD OF REVIEW

We set forth the standard of review for administrative appeals extensively in *Mortimer v. Howard Research and Development Corp.,* 83 Md.App. 432, 440–443, 575 A.2d 750, *cert. denied,* 321 Md. 164, 582 A.2d 499 (1990). We will review it briefly here.

The role of the circuit court in reviewing a Board of Appeals decision is set forth in Md.Code (1957, 1994 Repl. Vol.), Art. 25A, § 5(U), which provides in pertinent part:

> Any person aggrieved by the decision of the board and a party to the proceeding before it may appeal to the circuit court for the county which shall have power to affirm the decision of the board, *or if such decision is not in accordance with law,* to modify or reverse such decision, with or without remanding the case for rehearing as justice may require. Any party to the proceeding in the circuit court aggrieved by the decision of the said court may appeal from such decision to the Court of Special Appeals. The review proceedings provided by this subsection shall be exclusive. (Emphasis added.)

The circuit court's standard of review is limited to whether the Board's decision is or is not "in accordance with the law."

■ The Court of Appeals has stated that the reviewing court may set aside, as "not in accordance with law," a decision of the Board of Appeals that is arbitrary, illegal, or capricious. *Levy v. Seven Slade, Inc.,* 234 Md. 145, 149, 198 A.2d 267 (1964). To determine whether the Board's decision is arbitrary, illegal, or capricious, the reviewing court must decide whether the question before the agency was fairly debatable. *Mortimer,* 83 Md.App. at 441, 575 A.2d 750.

> An issue is fairly debatable if reasonable persons could have reached a different conclusion on the evidence and, if so, a reviewing court may not substitute its judgment for that of the administrative agency. The fairly debatable test is analogous to the clearly erroneous standard under Rule 8–131(c) and a decision is fairly debatable if it is supported by substantial evidence on the record taken as a whole.

*Mortimer,* 83 Md.App. at 441, 575 A.2d 750. (Citations omitted.)

■ The circuit court, therefore, was to determine whether the Board's decision was arbitrary, illegal, or capricious. On appeal to this Court, we must be certain that the circuit court did not err in its review. *Mortimer,* 83 Md.App. at 442, 575 A.2d 750. In addition, the circuit court "is under no constraints in reversing an administrative decision which is premised solely upon an erroneous conclusion of law." *Younkers v.*

*Prince George's County,* 333 Md. 14, 19, 633 A.2d 861 (1993) (quoting *People's Counsel v. Maryland Marine,* 316 Md. 491, 496–497, 560 A.2d 32 (1989) (citations omitted)). Our role is to determine whether the circuit court was correct in deciding that the Board of Appeals has jurisdiction to entertain an appeal from the notice.

## DISCUSSION

### I.

■ Article 25A, § 5(U) authorizes Anne Arundel County to enact local laws establishing the County Board of Appeals. A county board of appeals may be empowered to hear and decide

> such of the following matters arising (either originally or on review of the action of an administrative officer or agency) under any law, ordinance, or regulation of, or subject to amendment or repeal by, the county council, as shall be specified from time to time by such local laws enacted under this subsection: An application for a zoning variation or exception or amendment of a zoning ordinance map; the issuance, renewal, denial, revocation, suspension, annulment, or modification of any license, permit, approval, exemption, waiver, certificate, registration, or other form of permission or of any adjudicatory order; and the assessment of any special benefit tax.

Md.Code (1957, 1994 Repl.Vol.), Art. 25A, § 5(U). The Anne Arundel County Board of Appeals was created by § 601 of the County Charter. The powers and functions of the Board are set forth in § 602 of the County Charter, which authorizes the Board to exercise all of the authority enumerated in Article 25A, § 5(U). Section 602 provides in pertinent part:

> (b) *Appeals From Orders Relating to Zoning.* The County Board of Appeals shall have and exercise all the functions and powers of the Board of Appeals of Anne Arundel County and the County Board of Appeals described in Article 25A of the Annotated Code of Maryland as supplemented by other public general laws. All references in law

to the Board of Appeals or the Board of Zoning Appeals shall be construed to refer to the County Board of Appeals created by this Article where such construction is reasonable. In all cases heard by the County Board of Appeals, its decision shall be final unless further appeal be taken therefrom in the manner provided Section 604 of this Article.

(e) *Appeals From Executive, Administrative and Adjudicatory Orders.* The County Board of Appeals shall hear and decide appeals from all other administrative and adjudicatory orders other than those affecting the internal operation of the executive branch as may from time to time be provided by Article 25A of the Annotated Code of Maryland or by ordinance of the County Council not inconsistent therewith.

The Reporter's notes for § 602 provide as follows:

The purpose of this Section is to outline the various appeals to be heard by the newly created Board. Subsections (a), (b), (c), and (e) [now subsections (b), (c), (d) and (f) ] refer specifically to appeals from orders now heard by other administrative agencies. Subsection (d) [now subsection (e) ] is a "catch-all" provision designed to transfer to the County Board of Appeals the right to hear and decide appeals from all other administrative and adjudicatory orders "other than those affecting the internal operation of the executive branch" as now or hereafter provided by law.

(a) [now subsection (b) ] Express authority for the transfer of this function from the Board of Appeals to the County Board of Appeals is derived from the language in Article 25A, Section 5(V) [now section 5(U) ].

. . . .

(d) As hereinbefore stated this Subsection [now subsection (e) ] is the "catch-all" appeals section. It is designed particularly to include within the jurisdiction of the County Board of Appeals all matters now or hereinafter covered by Article 25A, Section 5(U) of the Code. In addition to zoning matters, this Section of the Code refers to the following

cases to be heard by the County Board of Appeals; "... the issuance, removal, denial, revocation, suspension, annulment or modification of any license, permit, approval, exemption, waiver, certificate, registration, or other form of permission or any adjudicatory order; and the assessment of any special benefit tax ...".

The language of this Section is similar to that of the Baltimore County Charter, Section 602(d). However, the phrase "other than those affecting the internal operation of the executive branch" was added because the Charter Board did not want the government to come to a complete stand-still while orders are being appealed. For example, an order to fix the time the floors in the Court House should be swept and waxed should not be subject to appeal to the County Board of Appeals.

County Charter, Reporter's Notes to § 602.

The County first argues that the Board did not have juris-diction to entertain an appeal from the notice. They assert that the only matters clearly zoning in nature addressed in § 5(U) of article 25A are applications for variances, special exceptions, and zoning map amendments. The County then notes that the Court of Appeals held in *Hope v. Baltimore County*, 288 Md. 656, 421 A.2d 576 (1980), that the language in § 5(U) providing for a right of appeal in any "approval ... or other form of permission or of any adjudicatory order" ex-tends to zoning matters other than variances, special excep-tions, and zoning map amendments. *Hope*, 288 Md. at 664–666, 421 A.2d 576. In *Hope*, the Court of Appeals found that the approval of a subdivision plat was an administrative or adjudicatory order under the law of Baltimore County and appealable to the Baltimore County Board of Appeals pursu-ant to the Baltimore County Charter and Article 25A, § 5(U). *Hope*, 288 Md. at 663–666, 421 A.2d 576. The County argues that, unlike Baltimore County, the Anne Arundel County Council has enacted no additional local laws expanding the jurisdiction of the Board of Appeals. Therefore, the County argues, the determination of which decisions may be appealed

to the Board of Appeals must be based on traditional princi-
ples of finality under § 602(e).

The circuit court found that the notice was an administra-
tive decision and there is a right to appeal under article 3 of
the Anne Arundel County Code, which addresses the County
Board of Appeals. Section 1–102(c) provides: "Other appeals
to the County Board of Appeals as set forth in § 602 of the
Charter may be taken by a person aggrieved by, or an officer,
department, board, agency of the County affected by, any
decision of an officer or an employee of the executive branch
of the County government." Subsection (c) codifies the
Board's authority to hear appeals set forth in § 602 of the
Charter. The notice was issued by the office of planning and
zoning which is part of the executive branch of the county
government. *See* County Charter §§ 530 & 531.

Appellees rely on Article 25A, § 5(U) for the contention that
the Board has the authority to decide appeals involving "the
issuance, renewal, denial, revocation, suspension, annulment,
or modification of any license, permit, approval, exemption,
waiver, certificate, registration, or other form of permission or
of any adjudicatory order." The words "issuance, renewal,
denial, revocation, suspension, annulment, or modification"
refer to an operative event that determines whether appellees
will have the certificate and the conditions and scope provided
for by the certificate. *See United Parcel v. People's Counsel,*
336 Md. 569, 583–584, 650 A.2d 226 (1994).

A review of the violation notice convinces us that it is a final
appealable order for several reasons. An action of an admin-
istrative agency, like a court order, "is final if it determines or
concludes the rights of the parties, or if it denies the parties
means of further prosecuting or defending their rights or
interests in the subject matter in proceedings before the
agency, thus leaving nothing further for the court to do."
*Maryland Comm'n on Human Relations v. Baltimore Gas &
Elec., Co.,* 296 Md. 46, 56, 459 A.2d 205 (1983); *Crofton v.
Anne Arundel County,* 99 Md.App. 233, 244, 636 A.2d 487,
*cert. denied,* 335 Md. 81, 642 A.2d 192 (1994). In addition,

"the relevant considerations in determining finality are whether the process of administrative decisionmaking has reached a stage where judicial review will not disrupt the orderly process of [administrative] adjudication and whether rights or obligations have been determined or legal consequences will flow from the agency action." *Maryland Comm'n on Human Relations,* 296 Md. at 55, 459 A.2d 205 (quoting *Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic,* 400 U.S. 62, 71, 91 S.Ct. 203, 209–10, 27 L.Ed.2d 203 (1970)). These principles may be applied to determine that the violation notice was a final appealable order. Once the County issued the notice, appellees suffered a change in status. The notice first states that the office of planning and zoning has determined that there is a violation of the County's zoning regulations. The violation notice effectively revokes appellees' initial certificate of use. In addition, the County ordered a corrective action requiring appellees to register as a nonconforming use. Because this effectively changes the status of the subject premises, appellees must have an administrative remedy to challenge this action. The notice has in fact shifted the burden to appellees to dispute the notice. Appellees were not merely informed that they were in violation of the Code, they were told to alter their status. *See Holiday Spas v. Montgomery County,* 315 Md. 390, 399, 554 A.2d 1197 (1989). This change in status is enough to deem the notice a final appealable order and may be reviewed by the Board of Appeals.[4]

---

4. In 1991, the Anne Arundel County Council amended the county code. The Council repealed article 16, §§ 2–1101 through 2–1110; added article 3, §§ 3–101, 3–102, and 3–103, to be under the new title, "Title 3. Appeals Relating to Adult Film Arcades and Adult Motion Picture Theaters"; added article 16, §§ 2–1101 through 2–113, and article 28, §§ 1–128, 3–403(b)(10); 4–404(d); and 14–106(a)(9).

Title 3 of Article 3 covers appeals relating to adult film arcades and adult motion picture theaters. Section 3–102(b)(2) provides that the provisions of title 3 apply to a decision of the Planning and Zoning Officer for "revocation of a zoning certificate of use for an adult bookstore or adult motion picture theater." Section 3–103 provides: · Within 60 days after the filing of an appeal from a decision within the scope of this title, the County Board of Appeals shall hear and decide

The County issues a violation notice pursuant to Anne Arundel County Code Article 28, § 17–101. If the violation does not cease within the time specified in the notice, the office of planning and zoning is to initiate appropriate proceedings against the violator. § 17–101(b). The office of planning and zoning "may deliver or mail a citation to each person believed to be committing or have committed a violation." § 17–103(b)(1). This citation is notification that the person has committed a civil violation and been assessed a civil monetary fine. § 17–103(b)(1). Once the citation is issued, the person may elect to stand trial. § 17–103(d).

There is no method of review, by an agency of the county, after the county issues the violation and before the county issues a citation carrying a monetary fine. An appeal to the Board of Appeals provides the only forum to contest the violation notice.

## II. Doctrine of Primary Jurisdiction

 Appellant argues that the Board of Appeals correctly found that it lacked the authority to address appellees' claims that the County's regulatory scheme was unconstitutional, under the doctrine of primary jurisdiction. The doctrine of primary jurisdiction is a judicially created rule designed to coordinate the allocation of functions between courts and administrative bodies. *Maryland Nat'l Capital Park & Planning v. Washington Nat'l Arena,* 282 Md. 588, 601, 386 A.2d 1216 (1978). The doctrine comes into play when a court and

---

the appeal, unless the right to a hearing within 60 days is waived in writing by all parties to a decision. If the County Board of Appeals fails to make a decision within 60 days, the decision of the Director of Inspections and Permits or the Planning and Zoning Officer shall be considered affirmed, and the party appealing the decision has the immediate right of appeal to the Circuit Court for Anne Arundel County in accordance with Section 604 of the Charter.
In addition, Article 28, § 1–128(e)(6) provides:
Judicial action may not be initiated by the County to enforce the revocation of a zoning certificate of use for an adult bookstore or adult motion picture theater until the owner or operator of the adult bookstore or adult motion picture theater has had the opportunity to be heard on the revocation before the Board of Appeals.

agency have concurrent jurisdiction over the same matter. In this case the issue is not one of concurrent jurisdiction. The Board of Appeals had before it questions of fact and questions of law, specifically questions on the constitutionality of the regulatory scheme. Although the Board may decide the question of fact regarding whether the business is an adult bookstore or movie theater, the Board cannot address the issue of constitutionality of the provisions. *Landover Books v. Prince George's County,* 81 Md.App. 54, 67, 566 A.2d 792 (1989).

The Board had before it evidence that appellees initiated an action in the Circuit Court for Anne Arundel County seeking declaratory and injunctive relief by attacking the constitutionality of the County's adult entertainment ordinances on their face, and as applied to their business and property. Appellees' notice of appeal to the Board of Appeals and their complaint filed in the circuit court are virtually indistinguishable in that the complaint encompasses the arguments advanced by appellees in their notice of appeal. The circuit court, not the board of appeals, has jurisdiction over the constitutional questions presented by appellees. On these issues the Board of Appeals properly deferred to the circuit court.

## CONCLUSION

In appellees' notice of appeal to the Board, the Board was presented with two issues: The first was whether the regulatory scheme under which the County purported to act in issuing the zoning violation notice is illegal and void, contrary to the Charter, an invalid exercise of legislative power, arbitrary, capricious, or unconstitutional; the second was whether the factual determination that the business is an adult bookstore or movie theater was arbitrary, capricious, and not in accordance with law. Whether the regulatory scheme is constitutional is an issue properly decided by the courts. The Board was correct in deciding that it did not have subject matter jurisdiction to determine that issue. The factual determination that the business is an adult bookstore or movie theater is capable of review by the Board. We therefore

remand this case to the Board of Appeals to make this determination. If the Board determines that the business is an adult bookstore or movie theater, then the remainder of this case should be consolidated with C–91–01038 and C–92–04432 currently pending in the Circuit Court for Anne Arundel County to address the constitutional challenges.

**JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.**

**REMANDED TO THE CIRCUIT COURT OF ANNE ARUNDEL COUNTY FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID ONE HALF BY APPELLANT AND ONE HALF BY APPELLEES.**